RAMIREZ, APPELLANT, v. REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Segregation and Conveyance.

No. 555.—Decided February 16, 1923.

RECORD OF TITLE—ATTACHMENT—MORTGAGE—FORECLOSURE—JUDICIAL SALE—NOTICE—PARTIES.—Record of an attachment can not operate to prevent the foreclosure of prior liens existing on a property and the judicial sale of the property as a result of such proceedings; but if the person in whose favor the attachment was levied is not made a party to the foreclosure proceedings, then the judicial sale and all subsequent conveyances will be subject to the attachment lien, the record being a notice to purchasers of the possible existence of rights in favor of the attaching creditor.

The facts are stated in the opinion.

*Mr. M. Guerra* for the appellant.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On February 10, 1921, one minute after eight o'clock, a mortgage executed three days before by Gabriel Guerra in favor of Arturo Guerra was presented for record and, later during the same day, duly recorded. At 3:40 in the afternoon of the day first above mentioned an attachment and prohibition of sale, dated February 10th and issuing out of the Federal Court in an action by the American Colonial Bank against the Specialty Shop for Automobiles, Inc., and Gabriel Guerra, was presented and, on the day following, the 11th, noted upon the record. On August 30th of the same year a deed executed on August 15th by the marshal of an insular district court, transferring the property in question to Arturo Guerra as the result of a foreclosure sale in proceedings instituted by the said Arturo Guerra against Gabriel Guerra, was presented and recorded without objection.

On October 24th a deed executed by Arturo Guerra in favor of appellant, segregating and conveying to him a lot of 414 square meters out of the property above mentioned,

was tendered and record thereof refused because of the uncanceled entry as to the attachment and prohibition of sale resting as a lien upon the larger property.

We are unable to agree either with appellant that the effect of the judicial sale, without more, was to cancel the entry *ipso facto,* or with the registrar that the order of the Federal Court forbidding a sale was necessarily an injunction *in rem* binding upon prior lien-holders not parties to the action brought by the bank. At least the certificate of the registrar, furnished in response to a request by this court, does not show that such was the tenor and effect of the order and we cannot indulge any violent presumption in this regard. On the other hand, the attachment proper remains as a charge upon the real estate until canceled either by judicial order or by the formal consent of the bank.

That circumstance, however, could not have operated to prevent the foreclosure of prior liens and judicial sale of the property as the result of such proceeding, either subject to the attachment lien if the bank was not a party, or free from all encumbrances if the junior lien-holder, being made a party, failed to assert its rights and the court, in view of such default, had so ordered.

The marshal's deed having been recorded without objection, we are not called upon to determine any question going to the jurisdiction of the court in the foreclosure proceedings, as bearing upon the eligibility to record of the instrument already so accepted by the registrar as sufficient to accomplish the purpose for which it was executed.

In any event the mere circumstance of an uncanceled entry of an attachment levy is no insuperable obstacle to a conveyance by the present record owner, without prejudice, of course, to the effect of such entry as notice to the purchaser warning him of the existence of any outstanding rights in the attaching creditor.

The ruling appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.